```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF LOUISIANA
                    ALEXANDRIA DIVISION
```

| | |
|---|---|
| DONALD CARTER, et ux | CIVIL ACTION NO. 10-875 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| VOLVO TRUCKS, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. # 05**, referred to me by the district judge for Report and Recommendation.

### Facts

This is a suit for damages against the manufacturer, Volvo Trucks North America, Inc. (Volvo), and retail seller, Monroe Mack Sales, Inc. (Monroe) of a commercial truck. The case was filed in the 8th Judicial District Court, Winn Parish, Louisiana. The case was removed to this court by defendants, Volvo and Monroe, based on diversity jurisdiction. Defendants assert that the case is removed within one year of commencement of suit and within 30 days of receiving information in discovery–"other papers"–from which jurisdiction could first be ascertained, pursuant to 28 U. S. C. §1446(b). In the notice of removal, defendants allege that the plaintiffs have no reasonable possibility of recovery against the retail seller, Monroe, a Louisiana company and, therefore, its residence should be disregarded for purposes of diversity jurisdiction.

Plaintiffs filed this motion to remand asserting that Monroe

is a properly named defendant who may be liable as the retail seller under Louisiana's redhibition laws.

## Legal Framework

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the retailer, Monroe. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is

2

similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. <u>Smallwood v. Illinois Central R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004).  To prove fraudulent joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiffs' favor. <u>Travis</u>, 326 F.3d at 648.

<u>Analysis</u>

It is undisputed that the truck was manufactured by Volvo and that Monroe sold it to the purchasers, the Carters.[1]

To prove liability for redhibition, plaintiffs would have to show that the product contained a defect at the time of sale which was not known to them. CC Articles 2520 and 2521.

Defendants argue that Monroe cannot be liable to plaintiffs because it never received notice of the alleged defects. However, as plaintiffs correctly point out in brief, under LSA-CC Art. 2522, lack of notice may simply affect the extent of recovery against the seller but does not negate the claim.

Defendants also argue that the defects did not manifest themselves within 3 days of the sale. However, defects which manifest themselves within 3 days of the sale merely give rise to

---

[1] The parties do not raise the issues of timeliness of the removal or of prescription for redhibition claims under Louisiana law. It appears to the court that the redhibition claims are not prescribed and that the removal was filed within one year of commencement of suit.  Also, the parties do not contest the amount in dispute as being in excess of $75,000.

a presumption that they existed prior to the sale; a plaintiff may always prove the existence of the defects before the sale by competent evidence and without the aid of the presumption.

Next, defendants argue that most of the repairs were made by dealers in other states, not by Monroe. However, plaintiffs do not sue for faulty repairs; rather they sue Monroe as the seller under a theory of redhibition.

In summary, defendants assert that "removal was based upon Monroe Mack's only having done one repair and having no notice of the alleged defects." The repairs are irrelevant to the remand issue and lack of notice, as discussed above, does not negate the plaintiffs' claim.

IT IS RECOMMENDED that Plaintiffs' motion to remand, doc. #20, be GRANTED and that this case be remanded to the 8th Judicial District Court, Parish of Winn.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension

of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling. **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 3rd day of December, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE